```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

SANDY CHRISTOPHER DUNN,         )
                                )
        Petitioner,             )       NO. 3:06-0237
                                )       (CRIMINAL ACTION
v.                              )       NO. 3:04-00023)
                                )       JUDGE ECHOLS
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

## MEMORANDUM

Pending before the Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket Entry No. 1), to which the Government has responded in opposition.

### I. PROCEDURAL HISTORY

Petitioner Sandy Christopher Dunn was indicted on February 25, 2004, on one count of willfully engaging in the business of dealing in firearms without a license between on or about October 26, 1999, and on or about September 7, 2000, and one count of willfully transporting approximately thirteen firearms from Tennessee to Michigan on or about September 7, 2000, while engaged in the business of dealing in firearms without a license, all in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). Petitioner entered an open plea of guilty to both counts on November 29, 2004. The Court accepted the guilty pleas and sentenced Petitioner to 24 months of imprisonment on March 25, 2005. No direct appeal was taken.

1

## II. <u>STANDARD OF REVIEW</u>

A prisoner who claims his sentence was imposed in violation of the Constitution may move the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The scope of post-conviction review is extremely narrow where, as here, the Petitioner entered a guilty plea. Once a criminal defendant enters a guilty plea, he waives all non-jurisdictional challenges he might have had to the conviction's constitutionality, provided that his plea was informed and voluntary. <u>U.S. v. Cottage</u>, 307 F.3d 494, 499 (6th Cir. 2002).

To establish ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient, that is, counsel "made errors so serious" that the representation fell below "an objective standard of reasonableness," and (2) the deficient performance prejudiced the defense, that is, there exists a reasonable probability that, but for these errors, the outcome of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). A court need not address both elements of the <u>Strickland</u> test if the Petitioner makes an insufficient showing on one element. <u>See</u> <u>id.</u> at 697. The <u>Strickland</u> standard for evaluating claims of ineffective assistance of counsel at trial applies to guilty plea hearings as well. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

### III. ANALYSIS

**A. Ineffective assistance claim**

Petitioner states in his Motion, under the penalty of perjury, that he asked his trial counsel, Kimberly S. Hodde, to file a Notice of Appeal, but she did not do so, and due to her deficient performance, he was unable to take a direct appeal of his convictions and sentence.

Ms. Hodde attests that she informed Petitioner of his right to appeal during a meeting following the sentencing hearing, and that, after fully discussing his appeal options, Petitioner unequivocally informed her that he did not wish to appeal the sentence. Rather, he advised her it was his desire to finish serving the balance of his sentence and move on with his life. According to counsel, Petitioner did ask her to try to resolve a pending probation violation warrant in Michigan connected to a related state firearm prosecution, and counsel successfully achieved dismissal of that warrant. (Docket Entry No. 17, Hodde Aff. ¶¶ 18, 21.) Following the post-sentencing meeting, on March 29, 2005, Ms. Hodde sent a letter to Petitioner confirming his instruction that he did not wish to appeal the case, and stating that, in accordance with his direction, she would not file a Notice of Appeal. She nonetheless informed Petitioner that the deadline for filing a Notice of Appeal would be ten (10) days from the date the court entered the Judgment and Commitment Order on the docket. (Id. at ¶ 19; Docket Entry No. 18-4.) According to Ms. Hodde, at no time thereafter did

3

Petitioner indicate he wished for her to file a Notice of Appeal. (Id. at ¶¶ 19, 21.)

Each party has sworn under oath as to the facts concerning the appeal issue, but the Court is unable to resolve this material factual dispute without holding an evidentiary hearing. Smith v. U.S., 348 F.3d 545, 550-551 (6th Cir. 2003). Consequently, the case will be referred to a Magistrate Judge to conduct an evidentiary hearing and to submit a Report and Recommendation on this claim only.

**B.    Ex Post Facto and Double Jeopardy claim**

Petitioner states in his Motion that he was convicted in the State of Michigan on two counts of carrying a concealed weapon arising out of a traffic stop on September 7, 2000, and thus, the subsequent federal prosecution arising out of the same matter abridged his right to be free from being twice placed in jeopardy. Also, he alleges that the federal government began enforcing new gun laws after September 11, 2001, and the application of such laws to Petitioner's conduct in 2000 would violate the Ex Post Facto Clause.

Ms. Hodde attests that on several occasions prior to the guilty plea hearing, she and Petitioner discussed the double jeopardy issue. She explained dual sovereignty to Petitioner and assured him that, at the appropriate times, she would make the U.S. Probation Office and the Court aware that the previous Michigan prosecution and the instant federal prosecution were premised on the same facts. (Hodde Aff. ¶ 12.) During the interview for the

4

Presentence Report, Ms. Hodde alerted the probation officer to the interplay between Petitioner's 2000 Michigan convictions for carrying a concealed weapon and the instant federal case. After this consultation, the probation officer correctly noted in the Presentence Report that the cases were factually related and recommended that no criminal history points be added for the prior conviction. (Id. at ¶ 14.) Ms. Hodde objected to use of the 2004 edition of the Guidelines Manual and argued on Ex Post Facto grounds that the 1998 edition of the Guidelines Manual should be applied. (Docket Entry No. 18-3.) Further, in a timely-filed Position with Respect to Sentencing Factors, Ms. Hodde argued in mitigation that the Court should equitably reduce Petitioner's federal sentence by crediting him with the time served in Michigan arising out of the same conduct. In a lengthy footnote, she provided legal authority underpinning the concepts of double jeopardy, dual sovereignty, and the U.S. Department of Justice's *Petite* policy. (Id. at ¶ 15.) During the sentencing hearing, Ms. Hodde argued that an appropriate sentence under 18 U.S.C. § 3553(a) should consider that the federal prosecution arose from a case that was originally prosecuted based on the exact same facts in the state of Michigan. (Id. at ¶ 16.)

Petitioner waived these constitutional claims based on the Ex Post Facto and Double Jeopardy Clauses when he pled guilty to the charges, and he does not contend that his guilty plea was uninformed and involuntarily given. See Cottage, 307 F.3d at 499. To the contrary, Petitioner assured the Court at the guilty plea

5

hearing that he understood the charges against him and he was pleading guilty because he was, in fact, guilty.

In any event, having reviewed the entire criminal record, the Court alternatively concludes as to the second claim that Petitioner has failed to establish any factual dispute warranting an evidentiary hearing and he has failed to establish the merit of his claim. The statutory penalty prescribed in 18 U.S.C. § 924(a)(1)(D) was in effect before Petitioner committed the charged conduct. The Michigan prosecution and the federal prosecution were initiated by different sovereigns for different crimes comprised of different elements of proof. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Barrett, 933 F.2d 355, 361 (6th Cir. 1991). Petitioner stated at his federal plea-taking that he understood the elements the Government was required to prove to convict him of the federal crimes, and he admitted his guilt of those elements. Trial counsel successfully advocated on Petitioner's behalf with regard to Ex Post Facto and Double Jeopardy concerns. Because the records of the case confirm these issues are without merit and an evidentiary hearing as to them is not warranted, the Motion will be DENIED as to the second claim.

### IV. CONCLUSION

For the reasons stated, Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry No. 1), will be DENIED IN PART and RESERVED IN PART. The Court will refer this case to a Magistrate Judge for further proceedings

6

only on the issue of whether trial counsel rendered ineffective assistance by failing to file a Notice of Appeal. Upon receipt of a Report and Recommendation and any objections to the Report filed by the parties, the Court will enter its ruling on the reserved issue.

An appropriate ORDER shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

7